SHARTSIS FRIESE LLP
ERICK C. HOWARD (Bar #214107)
ehoward@sflaw.com
JOSEPH V. MAUCH (Bar #253693)
jmauch@sflaw.com
FELICIA A. DRAPER (Bar #242668)
fdraper@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111-3598
Telephone:     (415) 421-6500
Facsimile:     (415) 421-2922

Attorneys for Defendants
SIMPSON STRONG-TIE COMPANY, INC. and
SIMPSON MANUFACTURING COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARY W. COOPER, TERRI G. COOPER, FERNANDINA BEACH, LLC, SIMON NGUYEN, & THOAI DOAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIMPSON STRONG-TIE COMPANY, INCORPORATED, a California corporation; SIMPSON MANUFACTURING COMPANY, INCORPORATED, a Delaware corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No. 3:19-cv-07901-TSH<br><br>**DECLARATION OF ERICK C. HOWARD IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:   June 11, 2020<br>Time:   10:00 a.m.<br>Dept.:  Courtroom G<br>Judge:  Hon. Thomas S. Hixson |

I, ERICK C. HOWARD, declare:

1. I am a partner in the law firm Shartsis Friese LLP, counsel for Defendants Simpson Strong-Tie Company Inc. and Simpson Manufacturing Company, Inc. (collectively, "Simpson") in the above-captioned action. I have personal knowledge of the facts set forth herein and would and could competently testify thereto. I submit this declaration in support of Simpson's Motion for Sanctions Pursuant to Rule 11 of the Federal Rule of Civil Procedure, filed concurrently herewith.

2. On February 4, 2020, I sent a letter to Michael Ram and Kevin Epps, counsel for Plaintiffs Cary and Terri Cooper and Fernandina Beach, LLC. The letter set forth the grounds on which I believe counsel violated Rule 11 of the Federal Rules of Civil Procedure and in it I notified counsel that Simpson was considering seeking sanctions, among other relief, if Plaintiffs continued to prosecute the above-captioned action. Attached hereto as **Exhibit A** is a true and correct copy of my February 4, 2020 letter.

3. On March 12, 2020, I received a letter from Michael Ram, counsel for Plaintiffs, purporting to respond to my February 4 letter. Attached hereto as **Exhibit B** is a true and correct copy of Mr. Ram's March 12 letter.

4. On March 19, 2020, I directed staff at my office to serve Plaintiffs' counsel with a copy of the Memorandum of Points and Authorities filed concurrently herewith, along with a letter I wrote to Plaintiffs' counsel ("Second Rule 11 Letter"). The letter informed counsel that the First Amended Complaint did not address the all deficiencies previously identified, and in fact included new matter lacking any evidentiary or legal support, and that Simpson was again considering seeking sanctions, among other relief, if Plaintiffs continued to prosecute the above-captioned action with the objectionable matter. Attached hereto as **Exhibit C** is a true and correct copy of the Second Rule 11 Letter.

5. Counsel for Plaintiffs responded to the Second Rule 11 Letter on March 31, 2020. Attached hereto as **Exhibit D** is a true and correct copy of the letter our office received from Plaintiffs' counsel. In the response letter, Plaintiffs' counsel admitted that an allegation in the FAC concerning a Simpson employee's purported admission that the Product was not

- 1 -

performing as designed was in error.  However, the response did not substantively address any other matters raised in the Second Rule 11 Letter.

6. The Second Rule 11 Letter proposed that Simpson's counsel and Plaintiffs' counsel meet and confer regarding the issues identified in the letter.  The parties' counsel met and conferred by teleconference on April 3, 2020.  The parties eventually agreed to stipulate to strike from the FAC the above-referenced allegation related to the Simpson employee.  We invited Plaintiffs' counsel to provide more information regarding Plaintiffs' position on the other matters raised in the Second Rule 11 Letter.  Plaintiffs' counsel declined to do so.  Rather, Plaintiffs' counsel indicated that Plaintiffs might propose certain amendments to the FAC in connection with their opposition to Simpson's motion to dismiss the FAC, filed on March 17, 2020. Plaintiffs' counsel vaguely described one potential amendment as relating to Simpson's channels of trade in the marketplace, and suggested there might be others.  Due to the possibility that Plaintiffs might seek to amend the FAC in a manner that would resolve the issues, Simpson waited to file this sanctions motion.  However, Plaintiffs did not withdraw the FAC or the objectionable allegations and claims, nor provide any proper basis for them.

7. Attached hereto as **Exhibit E** is a true and correct copy of a redline comparing the First Amended Complaint to the original Complaint. This redline was prepared by staff at my office, at the direction of counsel, using computer software.

8. Shartsis regularly compares its billing rates to those of similar law firms doing similar work, and through those efforts has determined that our rates for attorneys and other timekeepers are reasonable and at or below the rates of attorneys with similar expertise doing similar work at other comparable firms in San Francisco.

9. During the time period relevant here, Shartsis billed Simpson at the following rates: Erick Howard at $637 per hour through March 2020 and $676.20 per hour after March 2020; Joseph Mauch (attorney) at $597.80 per hour through March 2020 and $627.20 per hour after March 2020; and Felicia Draper (attorney) at $563.50 per hour through March 2020 and 578.20 per hour after March 2020. These rates represent a discount off the attorneys' normal billing rates.

- 2 -

Case No. 3:19-cv-07901-TSH

DEC OF E. HOWARD ISO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FRCP

10. Each attorney billed his or her time in six-minute increments on a daily basis, and included in the records a description of the services performed.

11. As of May 1, 2020, Simpson has incurred $158,403.77 in connection with its three primary attorneys of record (me, Mr. Mauch, and Ms. Draper) preparing the instant Motion and the Motion to Dismiss the First Amended Complaint, and the supporting documents. This amount excludes time billed, and incurred by Simpson, by time keepers other than me, Mr. Mauch, and Ms. Draper, such as significant time billed by a senior partner, a junior associate, and a paralegal. Simpson expects to incur additional fees in connection with preparing a Reply brief and in attending the hearing. Simpson will update the amount of fees incurred when filing its Reply brief.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States.

Executed May 1, 2020, at San Francisco, California.

*/s/ Erick C. Howard*
ERICK C. HOWARD

8594931

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598