# Exhibit A



SHARTSIS FRIESE LLP
One Maritime Plaza ♦ Eighteenth Floor
San Francisco, California 94111-3598

Erick C. Howard
ehoward@sflaw.com
(415) 773-7225
Fax: (415) 421-2922

February 4, 2020

*VIA E-MAIL AND US MAIL*

Michael F. Ram
ROBINS KAPLAN LLP
2440 West El Camino Real, Suite 100
Mountain View, CA 94040

Kevin E. Epps
EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC
1220 Langford Drive, Building 200-101
Watkinsville, GA 30677

    Re:    Cooper et al. v. Simpson Strong-Tie Company, Inc. et al.
             U.S District Court, Northern District of California No. 3:19-cv-0790-TSH

Dear Counsel:

    We write to raise our serious concerns over unmistakable violations of Rule 11 of the Federal Rules of Civil Procedure based on the filing and prosecution of the above-referenced action on behalf of Cary W. Cooper, Terri G. Cooper (the "Coopers"), and Fernandina Beach, LLC ("Fernandina") (collectively, "Plaintiffs").

    *This letter serves as notice that Simpson Strong-Tie Company, Inc. and Simpson Manufacturing, Inc. (collectively "Simpson") reserve the right to seek all available relief based on your filing and baseless prosecution of this action, including attorney fees and expenses under Rule 11 and 28 U.S.C. § 1927, as well as common law claims for malicious prosecution. You and your clients act at your peril if you continue to prosecute this action in bad faith.*

    For the reasons explained below, you will be liable for the costs and attorney fees reasonably incurred by Simpson to defend this meritless action through summary judgment.

**A.**    **Filing Of The Complaint In Violation Of Rule 11**

    On December 2, 2019, you filed a Complaint on behalf of Plaintiffs asserting that Simpson markets a group of products designed to resist seismic and high wind forces in

01435\223\8606289.v3

Tel: 415-421-6500 ♦ www.sflaw.com ♦ Fax: 415-421-2922

Michael F. Ram
Kevin E. Epps
February 4, 2020
Page 2

residential structures without advising that such products may corrode under certain conditions. As explained in more detail below, you either failed to investigate the factual basis for those claims, or purposefully determined to mislead the Court regarding the warnings, recommendations, and guidelines Simpson provides in connection with the products that are the subject of the Complaint.

Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact and legally tenable. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *Cooter & Gell v. Hartymarx Corp.*, 496 U.S. 384, 405 (1990). In light of the above certifications, Rule 11 imposes an affirmative duty on lawyers to inquire into the facts and law before filing a pleading. *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1372 (Fed. Cir. 2012), *citing* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 amendments). Rule 11 is aimed at curbing baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay. *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997), *citing Cooter & Gell*, 496 U.S. at 397-98.

Rule 11 sanctions are appropriate if the allegations and other factual contentions entirely lack evidentiary support. *Stiglich v. Contra Costa County Bd. of Supervisors*, 1997 U.S. App. LEXIS 897 (9th Cir. 1997). "A claim is . . . factually baseless if it lacks factual foundation." *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, No. 04-00689, 2007 U.S. Dist. LEXIS 34467, 2007 WL 6137003, at *3 (C.D. Cal. 2007). *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK 2014 U.S. Dist. LEXIS 7323, at *17-18 (N.D. Cal. Jan. 21, 2014). Rule 11 was amended in 1983 to provide that courts "shall impose" sanctions if the rule is violated, and the purpose of this mandatory language was to "reduce the reluctance of courts to impose sanctions." *Judin*, 110 F.3d at 784.

Here, your Complaint is premised on the notion that Simpson never warned or warns that "the Product is subject to premature corrosion, rusting, failure, deterioration, and disintegration (the 'Defect')." *See* Compl., ¶ 30. The Complaint asserts that Simpson fraudulently failed in its duty to "disclose facts concerning the inability of the Product to withstand environmental factors that cause premature corrosion . . ." *Id.*, ¶ 123. Your Complaint also contends that "Defendants' Product description did not limit the expected useful life of the product. The Product was described in such a way that a reasonable consumer would expect the Product to last the entire life of a home and that the Product was capable of resisting corrosion and protecting against strong winds and seismic activity for the entire life of the home." *Id.*, ¶ 92.

But none of those allegations, and similar contentions made in the Complaint, have any factual basis. Simpson provides extensive warnings regarding the fact that its products may suffer corrosion under a variety of conditions. Moreover, Simpson explicitly states that it cannot provide estimates of the service life of its products given the many variables that are out of its control. Your Complaint, in fact, cites and incorporates by reference Simpson's literature, namely its 2001 Website and a 2016 High Wind-Resistant Construction Application Guide (the

Michael F. Ram
Kevin E. Epps
February 4, 2020
Page 3

"Guide"), that both provide explicit corrosion warnings. The Guide's corrosion information is identified in its table of contents, and spans four pages. It includes the following:

> <u>Many environments and materials can cause corrosion, including ocean salt air, fire retardants, fumes, fertilizers, preservative-treated wood, de-icing salts, dissimilar metals and more.</u> Metal connectors, fasteners and anchors could corrode and lose load-carrying capacity when installed in corrosive environments or when installed in contact with corrosive materials.
>
> The many variables present in a building environment make it impossible to accurately predict if, or when, corrosion will begin or reach a critical level. This relative uncertainty makes it crucial that specifiers and users are knowledgeable of the potential risks and select a product suitable for the intended use. It is also prudent that regular maintenance and periodic inspections are performed, especially for outdoor applications.
>
> It is common to see some corrosion in outdoor applications. Even stainless steel can corrode. The presence of some corrosion does not mean that load capacity has been affected or that failure is imminent. If significant corrosion is apparent or suspected, then the framing members, fasteners and connectors should be inspected by a qualified engineer or qualified inspector. Replacement of affected components may be appropriate . . . .
>
> <u>Due to the many variables involved, Simpson Strong-Tie cannot provide estimates of service life of connectors and fasteners. . . .</u> (emphasis added).

Moreover, contrary to the suggestion asserted in your Complaint, Simpson does not represent that its products will necessarily prevent damage from occurring to a home. Indeed, Simpson's limited warranty expressly states:

> Due to the particular characteristics of the impact event, the specific design and location of the structure, the building materials used, the quality of the construction, and the condition of the soils involved, damage may nonetheless result to a structure and its contents even if the loads resulting from the impact event do not exceed Simpson website specifications and Simpson Strong-Tie connectors are properly installed in accordance with applicable building codes.

Given how liberally you cited other portions of Simpson's literature, you certainly had to have known, prior to filing suit, that Simpson provides corrosion warnings concerning its products, particularly that "Many environments and materials can cause corrosion, including ocean salt air, fire retardants, fumes, fertilizers, preservative-treated wood, de-icing salts, dissimilar metals and more.". Therefore you could not have had any good faith basis to allege that Simpson failed to "disclose facts concerning the inability of the Product to withstand environmental factors that cause premature corrosion . . ." You also must have known that Simpson does not state, suggest, or guarantee that its products will necessarily last the entire

Michael F. Ram
Kevin E. Epps
February 4, 2020
Page 4

useful life of a home, since it expressly states it cannot provide estimates of service life. The fact your Complaint does not acknowledge these warnings at all suggests to us that you purposefully omitted reference to them to mislead the Court as to the scope and breadth of Simpson's representations about its products in hopes of staving off early dismissal of your frivolous action. If you somehow did not know that these warnings existed, that only shows that you failed to do a proper investigation prior to filing suit. In either case, Rule 11 makes clear that sanctions are both appropriate and mandatory.

Simpson has already been forced to spend thousands of dollars in responding to the Complaint. Any effort by you to further this action based on the false premises set forth in the Complaint will only multiply the proceedings unreasonably and vexatiously, making you potentially liable for Rule 11 sanctions due to such misconduct. Accordingly, we urge you and Plaintiffs to mitigate the damages inflicted on Simpson by immediately dismissing this case with prejudice. If you and Plaintiffs refuse to do so, Simpson reserves the right to seek to recover all of its costs and attorneys' fees at the appropriate time under Rule 11 and 28 U.S.C. § 1927. Nothing herein shall constitute a waiver of Simpson's rights or remedies, all of which are expressly reserved.

Very truly yours,

Erick C. Howard

ECH
vp

01435\223\8606289.v3