# Exhibit B

**ROBINS KAPLAN LLP**

2440 W. EL CAMINO REAL  
SUITE 100  
MOUNTAIN VIEW, CA 94040  

650-784-4002 TEL  
650-784-4041 FAX  
ROBINSKAPLAN.COM

MICHAEL F. RAM  
650 784 4007 TEL  
MRAM@ROBINSKAPLAN.COM

March 12, 2020

*Via E-Mail (ehoward@sflaw.com) and U.S. Mail*

Erick C. Howard  
Shartsis Friese LLP  
One Maritime Plaza, Eighteenth Floor  
San Francisco, CA 94111-3598

Re:   *Cooper v. Simpson Strong-Tie Company, Inc.*
      U.S. District Court, N.D. Cal., Case No. 3:19-cv-0790-TSH

Dear Mr. Howard:

This will respond to your February 4, 2020 letter wherein you accuse Plaintiffs and their attorneys of violating Rule 11 and 28 U.S.C. section 1927 and malicious prosecution, threatening a sanctions motion. Your letter is factually and legally baseless.

Plaintiffs' complaint was not filed for an "improper purpose." The claims are "warranted by existing law," and have "evidentiary support." Fed. R. Civ. P. 11(b)(1)-(3). Some examples of the evidentiary support from the operative First Amended Complaint include:

> 48.   In 2011, Simpson sent correspondence disclosing corrosion problems found in the Product in Hawai'i. A true and correct copy of said correspondence is attached hereto as Exhibit 1. The correspondence acknowledges that "Simpson Strong-Tie has become aware of problems regarding concrete spalling and corrosion of embedded products around the perimeter of some homes in Oahu, Hawai'i."

> 49.   In 2017, a Simpson Senior Territory Manager for Hawai'i and the Pacific region testified that, while certain home foundations should last 50 years, the Product did not appear to be performing as it was designed. The Simpson Senior Territory Manager also testified that he personally saw corroded Products during destructive testing in another lawsuit and reported this information back to Simpson.

March 12, 2020
Page 2

51. Defendants intended to mislead customers into believing that its Product provides adequate corrosion resistance by failing adequately to disclose that severe premature corrosion could and would compromise Defendants' galvanized hurricane straps.

52. Defendants also deliberately failed adequately to disclose that the Product would prematurely corrode even when installed pursuant to Simpson's instructions, rendering the Product incapable of protecting against hurricane force winds and seismic activity. Simpson also failed adequately to disclose that the Product will fail even when used pursuant to Simpson's guidelines about which type of Product to use in which installation.

53. Defendants continue to advertise and sell the Product for use in homes and other structures, omitting adequately to disclose to Plaintiffs and the Class Members, their agents, or contractors, material facts concerning the Product including, but not limited to, that the Product is susceptible to accelerated corrosion and spalling, does not otherwise perform as represented, and fails far in advance of its reasonable useful life even when installed pursuant to Simpson's instructions and guidelines about which type of Product to use for each type of installation. All of these facts are material. The Product did not perform in accordance with the reasonable expectations of Plaintiffs and the Class Members in that it was not durable and suitable for use as a source of uplift and lateral resistance throughout the life of homes.

Also, contrary to your repeated claim, Rule 11 sanctions are discretionary, not mandatory. The case you rely on, *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997), refers to a prior version of Rule 11. Thus, your claim that sanctions are mandatory is "not warranted by existing law." Rule 11(b)(2) states: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction on any attorney, law firm, or party[.]" Fed. R. Civ. P. 11(c)(1) (emphasis added). In fact, sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

March 12, 2020
Page 3

In addition, 28 U.S.C. section 1927 does not apply to the filing of the initial complaint. *In re Keegan Mgmt. Co., Secur. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927."). More importantly, section 1927 requires bad faith, hardly present here.

Finally, the threats in your letter warrant sanctions against you:

> Threats of Rule 11 sanctions are improper where the other side's position is plausible (even if it is incorrect). Seeking sanctions under such circumstances is itself sanctionable conduct: "The use of Rule 11 . . . has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct." [*Gaiardo v. Ethyl Corp.* (3rd Cir. 1987) 835 F.2d 479, 485].

Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial ¶ 17:81 (April 2019).

Sincerely,

*Michael Ram*

Michael F. Ram
Robins Kaplan LLP