# Exhibit D



REPLY TO LOS ANGELES

360 East 2nd Street, Suite 300
Los Angeles, California 90012
(213) 254-4800
(213) 254-4801 Fax

KLWT**LAW**.COM

March 31, 2020

VIA ELECTRONIC MAIL ONLY

Erick Howard, Esq.
Joseph V. Mauch, Esq.
Felicia A. Draper, Esq.
Shartsis Friese LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111

Re:     *Cooper et al. v. Simpson Strong-Tie Company Inc. et al.*

Dear Counsel:

This responds to your March 19, 2020 letter in which you improperly threaten to seek sanctions under Federal Rule of Civil Procedure 11 with respect to Plaintiffs Cary W. Cooper, Terri G. Cooper, Fernandina Beach, LLC, Simon Nguyen, & Thoai Doan's First Amended Complaint.

This is the second time in two months that you have inappropriately raised Rule 11 sanctions. Plaintiffs incorporate our March 12, 2020 response to your prior Rule 11 letter dated February 4, 2020. As noted in our March 12 response, your bases for seeking Rule 11 sanctions were inappropriate then; they continue to lack merit today.

The Ninth Circuit has made it clear that courts may impose Rule 11 sanctions in two instances:

1) where a litigant makes a "frivolous filing," *i.e.*, files a pleading or other paper which no competent attorney could believe was well-grounded in fact and warranted by law, and
2) where a litigant files a pleading or paper for an "improper purpose," *e.g.*, personal or economic harassment.

*See Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 U.S. Dist. LEXIS 7323, at *14 (N.D. Cal. Jan. 21, 2014) (citing *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987)). A frivolous filing is one that is "*both* baseless *and* made without a reasonable and competent inquiry." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996) (citation omitted) (emphasis in original). Neither basis exists here.

| ARIZONA | CALIFORNIA (SOUTHERN) | CALIFORNIA (LOS ANGELES) | CALIFORNIA (NORTHERN) | NEW MEXICO | HAWAII |
|---|---|---|---|---|---|
| 3200 North Central Avenue | 19900 MacArthur Boulevard | 360 East 2nd Street | 1990 North California Boulevard | 6301 Indian School Road NE | 1003 Bishop Street |
| Suite 2100 | Suite 850 | Suite 300 | Suite 1060 | Suite 720 | Suite 1180 |
| Phoenix, Arizona 85012 | Irvine, California 92612 | Los Angeles, California 90012 | Walnut Creek, California 94596 | Albuquerque, New Mexico 87110 | Honolulu, Hawaii 96813 |
| (602) 224-7800 | (949) 851-9000 | (213) 254-4800 | (925) 906-9220 | (505) 219-4204 | (808) 369-8393 |
| (602) 224-7801 Fax | (949) 833-9455 Fax | (213) 254-4801 Fax | (925) 906-9221 Fax | (505) 219-4205 Fax | (808) 369-8392 Fax |



Erick Howard, Esq.
Joseph V. Mauch, Esq.
Felicia A. Draper, Esq.
Shartsis Friese LLP
Page 2

Plaintiffs' First Amended Complaint is neither frivolous nor did Plaintiffs file their pleading for an improper purpose. As the party seeking Rule 11 sanctions, Defendants Simpson Strong-Tie Company, Inc. and Simpson Manufacturing, Inc. bear the burden to demonstrate why the Court should award sanctions. Defendants fail to establish both prongs of the frivolous determination, which are:

1) whether the complaint is legally or factually baseless from an objective perspective, and
2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.

*Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation and internal quotation marks omitted).

Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

As noted in our March 12 response, Paragraphs 48-53 contain specific examples of evidentiary support underlying the First Amended Complaint.

We reviewed your position concerning aspects of testimony we attributed to Tim Waite in Paragraph 49. It appears we did mistakenly but inadvertently attribute certain testimony to Tim Waite. However, we disagree that a simple, inadvertent error like this would ever warrant Rule 11 sanctions. We hereby offer to file an amendment to the complaint to correct this error. Please advise whether you will stipulate to a joint request for the Court to grant leave to file such an amendment.

The remaining points raised in your letter duplicate the arguments you raised in your pending motion to dismiss. Should the Court deny, deny in part, and/or grant leave to amend the complaint, your threatened Rule 11 motion will be a waste and misuse of the Court and parties' time and resources. Rule 11 "should not be employed to test the legal sufficiency or efficacy of allegations in the pleadings"). *See Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079 VRW, 2003 U.S. Dist. LEXIS 9881, at *20-21 (N.D. Cal. Mar. 21, 2003) (quoting Committee Notes on Amendments to Fed R of Civ P, 146 FRD 401, 590 (1993)).

Finally, that Defendants previously filed a Motion to Dismiss and Plaintiffs elected to amend their complaint hardly warrants Rule 11 sanctions. The parties are in the early pleading stages of this case. The Court has made no rulings with respect to the sufficiency of the allegations in the complaint.

If you wish to conduct a further meet and confer telephonically, please advise of your availability within the coming week so we may make a good faith attempt to resolve this by the three-week deadline pursuant to



Erick Howard, Esq.
Joseph V. Mauch, Esq.
Felicia A. Draper, Esq.
Shartsis Friese LLP
Page 3


Federal Rule of Civil Procedure 11(c)(2). If you insist on filing your Rule 11 motion, Plaintiffs will oppose it along with opposing Defendants' Motion to Dismiss which raises the same issues.

With kind regards,

Graham B. LippSmith
Kasdan LippSmith Weber Turner LLP
glippsmith@klwtlaw.com
cc:      All counsel