Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie Appel, SBN 187483
mappel@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Graham B. LippSmith, SBN 221984
g@lippsmith.com
Celene Chan Andrews, SBN 260267
cca@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495

Kenneth S. Kasdan, SBN 71427
kskasdan@kasdancdlaw.com
Scott J. Thomson, SBN 237052
sthomson@kasdancdlaw.com
**KASDAN TURNER**
**THOMSON BOOTH, LLP**
1990 N. California Blvd., Suite 1060
Walnut Creek, CA 94596
Telephone: (925) 906-9220
Facsimile: (925) 906-9220

Stephen G. Larson, SBN 145225
slarson@larsonllp.com
Paul A. Rigali, SBN 262948
prigali@larsonllp.com
Chaitra G. Betageri, SBN 312760
cbetageri@larsonllp.com
**LARSON LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 436-4864
Facsimile: (213) 623-2000

Attorneys for Plaintiffs and the Putative Classes

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAVI SALHOTRA, SANDHYA SALHOTRA, MELISSA CARD, KEVIN SULLINS, MAURICE VAN ROEKEL AS TRUSTEE OF THE VAN ROEKEL SURVIVOR'S TRUST, CORY CZARNIK, and NOLA CZARNIK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIMPSON STRONG-TIE COMPANY, INCORPORATED, a California corporation; SIMPSON MANUFACTURING COMPANY, INCORPORATED, a Delaware corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | No. 3:19-cv-07901-TSH<br><br>**OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:     October 21, 2021<br>Time:     10:00 a.m.<br>Location: Courtroom G<br>The Honorable Thomas S. Hixson |

OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

No. 3:19-cv-07901-TSH

# OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## I. INTRODUCTION

In support of its Opposition to Plaintiffs' Motion for Class Certification, Defendants Simpson Strong-Tie Company Inc. and Simpson Manufacturing Company, Inc. (collectively, "Simpson") request judicial notice of four documents: a complaint in a separate action in which one of the proposed class representatives is a plaintiff bringing a construction defect claim and three deeds of trust of the proposed class representatives. While the Court may take judicial notice of the public records, disputed underlying facts are inappropriate for judicial notice. *See* Fed. R. Evid. 201(b). To the extent Simpson seeks judicial notice of allegations in the construction defect complaint, Plaintiffs respectfully request that the Court deny Simpson's Request for Judicial Notice.

## II. MATTERS FOR WHICH SIMPSON SEEKS JUDICIAL NOTICE

Simpson seeks judicial notice of four documents, which it describes in its Request for Judicial Notice in Support of Opposition to Plaintiffs' Motion for Class Certification (ECF 144) as follows:

**Exhibit F:** true and correct copy of the Complaint filed on January 17, 2020, in Superior Court of California, County of Solano, Case Number FCS054236 naming Melissa Card as a Plaintiff.

**Exhibit I:** true and correct copy of the recorded and Certified Deed of Trust for Trustor/Borrower Melissa Card.

**Exhibit J:** true and correct copy of the recorded and Certified Deed of Trust for Borrowers Cory and Nola Czarnik.

**Exhibit K:** true and correct copy of the recorded and Certified Deed of Trust for Borrower Kevin J. Sullins.

1

OBJECTION TO DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION                            No. 3:19-cv-07901-TSH

## III. LEGAL STANDARD

A court may take judicial notice of facts that are not subject to reasonable dispute when they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. R. 201(b). "[M]atters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted." *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 970 (E.D. Cal. 2004) (citations omitted).

While courts may take judicial notice of pleadings filed or orders of courts in other proceedings "for the existence of the opinion, which is not subject to reasonable dispute over its authenticity," they may *not* take judicial notice "for the truth of the facts recited therein[.]" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (internal quotation marks and citations omitted). Thus, a court may not take judicial notice of a disputed fact in a public record. *Id.* (holding district court erred in granting motion to dismiss "by relying on extrinsic evidence and by taking judicial notice of disputed matters of fact to support its ruling.").

"[A] court may take judicial notice of the existence of certain matters of public record. A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d at 974 . "[D]ocuments are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean. *Id.* at 975; *see also Smith v. Ditech Fin. LLC*, No. EDCV 18-01411 JGB (SHKx), 2018 WL 6431406, at *3 (C.D. Cal. Aug. 27, 2018) (taking judicial notice of documents because they are matters of public record but declining to take notice of "any disputed underlying facts in these exhibits" and holding, "[t]he Court takes judicial notice for these documents themselves, but will not recognize the underlying facts to the extent they remain in dispute.").

Finally, "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."). *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

## IV. THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AS TO THE COMPLAINT

The complaint for which Simpson seeks judicial notice concerns claims brought by Plaintiff Card in litigation in California state court. Simpson argues that the matter is "for defects related to the very same structural connectors" and that the complaint "contain[s] allegations of identical alleged facts consisting of corrosion of their structural straps and anchors" that "explicitly contradict" Plaintiff Card's declaration." ECF 135, p. 23:11–13, 21–22. Plaintiffs contend in their Reply brief in support of their Motion for Class Certification that Plaintiffs' individual claims against builders for construction defects differ from the underlying matter, which alleges breach of warranty and unfair business practices against Simpson. Reply at 13. Thus, while this Court may take judicial notice of the existence of Plaintiff Card's complaint, the Court may not take judicial notice of Simpson's "opinion of how a matter of public record should be interpreted." *S. Cal. Edison*, *supra*, 300 F. Supp. 2d at 974.

Moreover, while this Court may take judicial notice of the state court proceedings, the Court cannot take judicial notice of those records "without formal introduction of evidence, facts essential to support" Simpson's claims that Plaintiff Card is not an adequate Class Representative because she has brought a separate matter, for different claims, pending against the builder of her home, in a case in which Simpson is not a party. *M/V Am. Queen*, *supra*, 708 F.2d at 1491.

The allegations in Plaintiff Card's state court complaint are simply that—allegations. They concern an ongoing construction defect case in which Plaintiff Card is a plaintiff. Simpson is not a party to that litigation. There is no product defect claim in that case. These

3

OBJECTION TO DEFENDANTS' REQUEST FOR                                      No. 3:19-cv-07901-TSH
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

allegations have no bearing on the Court's analysis of the arguments within Plaintiffs' Motion for Class Certification in the instant case. To the extent the parties disagree about the nature of the state court litigation and how the claims in the two matters are similar or different, this Court cannot "recognize the underlying facts [in the state court complaint] to the extent they remain in dispute." *Smith*, *supra*, 2018 WL 6431406, at *3. Furthermore, the allegations in Plaintiff Card's state court complaint remain in dispute, as the construction defect case is pending.

While it is uncontested that the documents for which Simpson seeks judicial notice exist, the contents of the complaint remain in dispute and are inappropriate for judicial notice. Any attempt by Simpson to seek this Court's judicial notice of the complaint to prove Plaintiff Card is not an adequate Class Representative and, thus, that this Court should deny class certification, is inappropriate because Simpson seeks judicial notice of the complaint to prove the truth of its contents.

**V.   CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Simpson's request for judicial notice.

Dated: October 1, 2021

**LIPPSMITH LLP**

By:   /s/ Graham B. LippSmith
Graham B. LippSmith
Celene Chan Andrews

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
Michael F. Ram
Marie N. Appel

**KASDAN TURNER THOMSON BOOTH, LLP**
Kenneth S. Kasdan
Scott J. Thomson

**LARSON LLP**
Stephen G. Larson
Paul A. Rigali
Chaitra G. Betageri

Attorneys for Plaintiffs and the Putative Classes

5

OBJECTION TO DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

No. 3:19-cv-07901-TSH

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, I electronically filed the **OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system to receive service.

*/s/ Graham B. LippSmith*
Graham B. LippSmith

6

OBJECTION TO DEFENDANTS' REQUEST FOR                  No. 3:19-cv-07901-TSH
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION