UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI SALHOTRA, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SIMPSON STRONG-TIE COMPANY, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07901-TSH<br><br>**ORDER RE: EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON PLAINTIFFS' MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 183 |

## I.   INTRODUCTION

Pending before the Court is Plaintiffs' Ex Parte Application for Order Shortening Time on Plaintiffs' Motion to Stay Proceedings. ECF No. 183. On March 21, 2022, Defendants filed an Opposition. ECF No. 186. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's Ex Parte Application for Order Shortening Time on Plaintiffs' Motion to Stay Proceedings for the following reasons.

## II.   BACKGROUND

This case involves Plaintiffs' allegations that Defendants' products, HD Strap-tie Holdowns and MAS Mudsil Anchors, are inherently defective and prone to premature corrosion, thereby breaching Defendants' express warranty. SAC ¶ 123.

On March 3, 2022, the Court denied Plaintiffs' Motion for Class Certification. ECF No. 180. On March 17, 2022, Plaintiffs filed a Motion to Stay Proceedings Pending Ruling on Plaintiffs' Rule 23(f) Position ("Motion to Stay"), ECF No. 182, and an Ex Parte Application for Shortening Time for Plaintiffs' Motion to Stay, ECF No. 183. On March 21, 2022, Defendants filed an Opposition to Plaintiffs' Ex Parte Application for Shortening Time for Plaintiffs' Motion

to Stay, ECF No. 183. A hearing for Plaintiffs' Motion to Stay is scheduled for April 21, 2022.

## III. DISCUSSION

Plaintiffs argue the Court should require Defendants to file a response to Plaintiffs' Motion to Stay by March 22, 2022 and vacate the April 21, 2022 hearing. ECF No. 183 at 4. Plaintiffs argue that, if the briefing schedule is not shortened and the parties proceed with the April 21, 2022 hearing, Plaintiffs will be prejudiced by having to continue litigating the case. *Id*. Plaintiffs also argue shortened time will conserve judicial resources. *Id*.

The Court denies Plaintiffs' request to require Defendants to file a response to Plaintiffs' Motion to Stay by March 22, 2022. Notably, Plaintiffs failed to follow the requirements of Civil Local Rule 6-3, which requires, in support of a motion to shorten time, a declaration that:

> (1) Sets forth with particularity the reasons for the requested enlargement or shortening of time;
> (2) Describes the efforts the party has made to obtain a stipulation to the time change;
> (3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and
> (4) If the motion is to shorten time for the Court to hear a motion:
>     (i) Describes the moving party's compliance with Civil L.R. 37-1(a), where applicable, and
>     (ii) Describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken.
> (5) Discloses all previous time modifications in the case, whether by stipulation or Court order;
> (6) Describes the effect the requested time modification would have on the schedule for the case

Civ. L. R. 6-3(a).

However, given Plaintiffs' filing of a Rule 23(f) Petition, the Court finds cause to modify the current briefing schedule for Plaintiffs' Motion to Stay. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992)) ("The district court is given broad discretion in supervising the pretrial phase of litigation."); Civ. L. R. 6-3(d) ("After receiving a motion to enlarge or shorten time and any opposition, the Judge may grant, deny, modify the requested time change or schedule the matter for additional briefing or a hearing.")

Defendants' response must be filed by March 25, 2022. Plaintiffs' reply must be filed by

2

April 1, 2022.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Ex Parte Application for Order Shortening Time on Plaintiffs' Motion to Stay Proceedings for the following reasons. The Court **ORDERS** the following briefing schedule for Plaintiffs' Motion to Stay Proceedings, ECF No. 182:

Defendants' Response due by March 25, 2022.

Plaintiffs' Reply due by April 1, 2022.

**IT IS SO ORDERED.**

Dated: March 22, 2022

THOMAS S. HIXSON
United States Magistrate Judge