UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI SALHOTRA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SIMPSON STRONG-TIE COMPANY, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07901-TSH<br><br>**ORDER RE: PLAINTIFFS' MOTION TO STAY PROCEEDINGS**<br><br>Dkt. No. 182 |

## I.   INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Stay Proceedings. ECF No. 182. Defendants Simpson Strong-Tie Company Inc. and Simpson Manufacturing Co., Inc. (collectively, "Simpson") filed an Opposition (ECF No. 188) and Plaintiffs filed a Reply (ECF No. 189). The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 21, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiffs' motion for the following reasons.

## II.   BACKGROUND

This case involves Simpson's HD Strap-tie Holdowns and MAS Mudsil Anchors (collectively, "Products"), which are embedded in homes' concrete foundations, nailed to structural members, and covered with house wrap or exterior cladding. SAC ¶¶ 1, 19. Plaintiffs are California and Arizona homeowners with homes containing Simpson's Products. *Id.* ¶¶ 8-13.

On March 3, 2022, the Court denied Plaintiffs' Motion for Class Certification. ECF No. 180. Plaintiffs filed a Petition for Permission to Appeal a Class Certification Order Pursuant to Federal Rule of Civil Procedure 23(f) (hereinafter, "Rule 23(f) Petition"). ECF No. 182-2, Appel Decl. ¶ 3. On March 17, 2022, Plaintiffs filed a Motion to Stay Proceedings Pending Ruling on Plaintiffs' Rule 23(f) Petition. ECF No. 182. On March 25, 2022, Simpson filed an opposition.

ECF No. 188.  On April 1, 2022, Plaintiffs filed a reply.  ECF No. 189.

### III.   LEGAL STANDARD

A Rule 23(f) petition "does not stay proceedings in the district court unless the district judge or the court of appeals so orders."  Fed.R.Civ.P. 23(f).  To prevail on a motion to stay, Plaintiffs must show that (1) they are likely to succeed on the merits of the appeal; (2) they will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure Simpson; and (4) the stay is in the public interest.  *Leiva–Perez v. Holder*, 640 F.3d 962, 964-70 (9th Cir. 2011); *see also Gray v. Golden Gate Nat'l Recreational Area*, Case No. 08-cv-00722, 2011 WL 6934433 at *1-3 (N.D. Cal. Dec. 29, 2011) (applying four-factor test to motion to stay pending ruling on Rule 23(f) petition).  These four factors are examined on a "continuum," which is "essentially the same as the 'sliding scale' approach" where "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another."  *Leiva–Perez*, 640 F.3d at 964–66.

### IV.   DISCUSSION

Plaintiffs argue they are likely to succeed on the merits of their appeal, Plaintiffs will suffer irreparable harm absent a stay, a temporary stay will not prejudice Simpson, and a stay is in the public interest.  ECF No. 182 at 4-9.

**A.   Likelihood of Success on the Merits**

Plaintiffs argue the Court's Order Denying Class Certification presents serious legal questions and is "manifestly erroneous" or "questionable" in its analysis of Dr. Brown's testimony and issues involving Plaintiffs' warranty and UCL-unfairness prong claims.  ECF No. 182 at 7-8.  Simpson argues Plaintiffs failed to establish a likelihood that the Ninth Circuit will grant their Rule 23(f) petition.  ECF No. 182 at 5-7.

The Ninth Circuit has recognized that the likelihood of success on the merits factor is satisfied by a showing of "reasonable probability" or "fair prospect;" "a substantial case on the merits;" or that "serious legal questions are raised."  *Leiva-Perez*, 640 F.3d at 967–68 (internal citations omitted).  Although all of "these formulations are essentially interchangeable, []none of them demand a showing that success is more likely than not."  *Id*. at 68.

1  Evaluating Plaintiffs' likelihood of success on appeal places the Court in the
2 uncomfortable position of reviewing the merits of its own order, which of course the Court thinks
3 is correct; that's why the Court issued it.  The Court rejects Plaintiffs' arguments that the Court's
4 Order Denying Class Certification was questionable or manifestly erroneous.  However, the Court
5 is inclined to give Plaintiffs the benefit of the doubt and finds that they have arguably raised
6 serious legal questions for appeal, which favors a stay pending the Ninth Circuit's ruling on
7 Plaintiffs' Rule 23(f) Petition.  *See Gray*, 2011 WL 694433 at * 1 ("[T]he Court recognizes that
8 the appellate court could reverse this Court's rulings on novel issues raised by the motion for class
9 certification.").  The Court will therefore consider whether the second, third, and fourth factors
10 "tip[] sharply" in favor of a stay.  *Leiva-Perez*, 640 F.3d 962 at 964; *see also Senne v. Kansas City*
11 *Royals Baseball Corp.*, Case No. 14-cv-0608-JCS, 2017 WL 5973487, at * 3 (N.D. Cal. May 5,
12 2017) ("[S]o long as other factors support a stay, it is enough that there are 'serious questions
13 going to the merits.'").

## B.  Irreparable Harm

15  Plaintiffs argue they will suffer irreparable harm absent a stay because issues may become
16 moot on appeal and there are high costs associated with litigation.  ECF No. 182 at 4-5.  Simpson
17 argues Plaintiffs have failed to show how continued litigation would result in irreparable harm.
18 ECF No. 188 at 8.

19  The Court finds this factor weighs in favor of a stay.  If the case were to proceed with
20 dispositive motions or trial, and if the Court were reversed on appeal, both parties would suffer
21 irreparable harm in spending substantial time and resources on litigation.  *See Brown v. Wal-Mart*
22 *Stores, Inc.*, Case No. 09-cv-3339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012)
23 ("[T]he Ninth Circuit may alter or overturn this court's class certification, which would render
24 some or all of the discovery previously conducted irrelevant."); *Gray*, 2011 WL 6934433 at * 3
25 ("Although monetary losses incurred in litigation are generally not considered irreparable harm,
26 '[i]f defendants are forced to incur the expense of litigation before their appeal is heard, the appeal
27 will be moot, and their right to appeal would be meaningless.'") (internal citation omitted).
28 Plaintiffs seek to certify a class involving millions of Simpson's Products.  ECF No. 133 at 8, 10.

*See Brown*, 2012 WL 5818300, at *4 ("The certified class in this case is estimated to encompass over 22,000 individuals. The sheer size of the class makes it likely that Defendant will incur significant discovery and other litigation expenses while its appeal to the Ninth Circuit is pending."). Accordingly, the Court finds this factor weighs in favor of a stay.

### C. Injury to Simpson

Simpson argues a delay will injure Simpson's ability to file a motion for summary judgment on Plaintiffs' individual claims. ECF No. 188 at 10. Plaintiffs argue such a delay will not cause irreparable harm. ECF No. 182 at 6. The Court agrees. A stay would be narrowed to the Ninth Circuit's ruling on Plaintiffs' Rule 23(f) Petition. *See Johnson v. Serenity Transportation, Inc.*, Case No. 15-cv-2004-JSC, 2018 WL 9782170, at *4 (N.D. Cal. Oct. 12, 2018) ("[A] brief stay pending disposition of the petition will not unduly delay these proceedings or harm the SCI Defendants.").

### D. Public Interest

Plaintiffs argue a stay will avoid unnecessary litigation costs and promote judicial economy. ECF No. 182 at 9. Simpson argues that the public interest is instead promoted by speedy resolution of this case. ECF No. 188 at 10-11.

The Court finds a stay is in the public interest. "The public interest lies in proper resolution of the important issues raised in this case, and issuance of a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal." *Gray,* 2011 WL 6934433, at *3.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Stay Proceedings Pending Rule 23(f) Petition Ruling.

**IT IS SO ORDERED.**

Dated: April 12, 2022

THOMAS S. HIXSON
United States Magistrate Judge