United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAVI SALHOTRA, et al.,

Plaintiffs,

v.

SIMPSON STRONG-TIE COMPANY, INC., et al.,

Defendants.

Case No. 19-cv-07901-TSH

**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Re: Dkt. No. 205

## I. INTRODUCTION

Plaintiffs in this putative class action allege Defendants Simpson Strong-Tie Company and Simpson Manufacturing Company (collectively referred to as "Simpson") manufactured and sold defective construction connectors and fasteners. Pending before the Court is Plaintiffs' motion to file a third amend complaint pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 205. Simpson filed an Opposition (ECF No. 207) and Plaintiffs filed a Reply (ECF No. 208). The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 19 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** Plaintiffs' motion.[1]

## II. BACKGROUND

Plaintiffs Cary Cooper, Terri Cooper, and Fernandina Beach LLC filed this proposed class action on December 2, 2019. ECF No. 1. They subsequently filed a First Amended Complaint on February 25, 2020, adding two new plaintiffs, Simon Ngyugen and Thoai Doan. ECF No. 28.

After the Court granted Simpson's motion to dismiss with leave to amend, the Second

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 22, 23, 48, 72.

Amended Complaint ("SAC") dropped the plaintiffs from the original Complaint, kept Nguyen and Doan, and added seven new Plaintiffs: Ravi and Sandhya Salhotra, Melissa Card, Kevin Sullins, Maurice Van Roekel as Trustee of the Van Roekel Survivor's Trust, and Cory and Nola Czarnik. ECF No. 66. Each of the named plaintiffs in the SAC were put forward as putative class representatives. Nguyen and Doan dismissed their claims in December 2020. ECF No. 126.

Plaintiffs' SAC alleged eight causes of action: (1) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5) and (a)(7); (2) violation of the California Unfair Competition Law ("UCL"), Unlawful Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq*.; (3) violation of the UCL, Unfair Business Practices; (4) violation of the UCL, Fraudulent Business Practices; (5) violation of the Arizona Consumer Fraud Act, A.R.S. § 44-1521, et seq.; (6) breach of express warranty; (7) negligent misrepresentation; and (8) fraud. On September 8, 2020, the Court granted in part and denied in part Simpson's second motion to dismiss, leaving only Plaintiffs' third (UCL unfair business practices) and sixth (breach of express warranty) claims pending. ECF No. 101.

On October 15, 2020, the Court issued a Case Management Order, setting the following deadlines relevant here:

| | |
|---|---|
| Deadline to Seek Leave to Amend Pleadings: | 8/20/2021 |
| Deadline to Move for Class Certification: | 8/20/2021 |
| Close of Fact Discovery: | 11/1/2021 |

ECF No. 114.

Plaintiffs timely moved for class certification in August 2021, seeking certification of a National Class, or, in the alternative, of a California Class, an Arizona Class, or both, for the two remaining claims. ECF No. 133.

Between October 2021 and February 2022, the Court granted the parties' requests for several extensions of certain case management deadlines, including the fact discovery cutoff. *See* ECF Nos. 167, 173, 179. As a result of a final extension request by the parties in February 2022, the Court extended the fact discovery cutoff to March 4, 2022. ECF No. 179.

On March 3, 2022, the Court denied Plaintiffs' motion for class certification. ECF No. 180. Plaintiffs moved for a stay pending their appeal of the Court's ruling, ECF No. 182, which

the Court granted, ECF No. 190. On July 10, 2023, the Ninth Circuit reversed the denial of class certification and remanded. ECF No. 199.

Plaintiffs filed the present motion on September 14, 2023. They seek to file a third amended complaint ("TAC") to dismiss the Czarniks, who no longer own their putative class home; to substitute Steven Tumelson and Sabrina Tumelson, who are the new owners of Plaintiff Kevin Sullins' putative class home; and to add Fei Allen, who owns a putative class home in Ontario, California. The proposed TAC makes allegations related to a Nationwide Class or, in the alternative, a California Class and deletes allegations as to an Arizona Class. *Id.*; Ram Decl., Ex. 1 (Proposed TAC), ECF No. 206-1.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its original pleading once as a matter of course within 21 days of serving it. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. Bad Faith and Undue Delay

Simpson does not raise the first two factors as arguments against granting leave to amend. Regardless, the Court finds the proposed amendment is not sought in bad faith or with a dilatory motive. The Court stayed this case on April 12, 2022. ECF No. 190. During the stay, various Plaintiffs sold their homes, but they could not amend the operative pleading during that time to reflect these ownership changes. Two weeks after the Court lifted the stay, the parties filed a case management statement, which alerted the Court to Plaintiffs' desire to amend the operative complaint. ECF No. 203. The Court ordered the parties to meet and confer regarding Plaintiffs' proposed amendment and, if unable to agree, directed Plaintiffs to file a motion for leave to amend by September 14, 2023. ECF No. 24. As Plaintiffs timely moved for leave to amend, there appears to be no undue delay. Even if this amendment causes some delay in the proceedings, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Instead, any delay must be combined with other factors to warrant denial of leave to amend. *See, e.g., Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–89 (9th Cir. 1990) (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). Given the stay in this case, the Court finds Plaintiffs have established good faith reasons for seeking to amend at this stage in the proceedings. *Cf Jackson*, 902 F.2d at 1388 (a moving party's inability to sufficiently explain its delay may indicate that the delay was undue).

Accordingly, these factors weigh in favor of granting leave to amend.

### B. Prejudice to the Opposing Party

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). However, "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort*

United States District Court
Northern District of California

*Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

Many of the proposed amendments are ministerial in nature, as Plaintiffs seek to dismiss named plaintiffs who sold their putative class homes during the pendency of the appeal, delete class action allegations as to a proposed Arizona Class, and delete the causes of action the Court has already dismissed. The Court finds these changes will not prejudice Simpson.

Simpson's opposition focuses on Allen and the Tumelsons, arguing that adding them will cause undue prejudice "by effectively reverting the case back to a class certification discovery phase, which has been closed since at least August 2021." Opp'n at 6.

As to the Tumelsons, they bought the Sullins' home during the pendency of the appeal, and Simpson has already inspected the home. And, as Simpson itself admits, the Tumelsons do not "plan to assert claims different than those already at issue." *Id.* at 1. Simpson argues it will need to depose the Tumelsons, "particularly as it is unclear whether they are proper plaintiff parties at all. Their mere purchase of Sullins' home does not mean that they can stand in his place to assert claims of damage against Simpson." *Id.* at 7. But Simpson presents no authority establishing that this amounts to "substantial" prejudice as contemplated by Rule 15. And Simpson itself acknowledged in the parties' joint case management conference statement that further discovery may be necessary on both sides, stating it "anticipates that it may add third-party defendants depending on what it learns in discovery." ECF No. 203 at 3. Similarly, Simpson stated "[t]he Parties expect some amount of fact and expert discovery will likely be necessary[.] The scope of that discovery will depend on whether Plaintiffs are permitted to amend the SAC to add an additional Plaintiff and whether the Court grants or denies class certification." *Id.* at 7. The parties also proposed submitting supplemental briefs on Plaintiffs' motion for class certification. ECF No. 203 at 8. Given that Simpson has already inspected the Tumelsons' home, and that both parties anticipate the need for further discovery, the Court finds it would not be prejudicial to allow Plaintiffs to substitute the Tumelsons for Sullins.

As to Allen, Plaintiffs seek to add her now because she did not learn about the alleged defects in her home until July 2023. Mot. at 8; TAC ¶¶ 37–41. They state that the addition of

United States District Court
Northern District of California

Allen adds no new claims or issues. Mot. at 6.

Simpson argues it will face undue prejudice because discovery "will in fact be significant, likely totaling many tens of thousands of dollars to address Allen alone," as her home "will need to be inspected and tested, and related technical analyses will be required." Opp'n at 6. However, while increased litigation costs are an important consideration, they are not sufficient to establish substantial prejudice. *See Yates v. W. Contra Costa Unified Sch. Dist.*, 2017 WL 57308, at *3 (N.D. Cal. Jan. 5, 2017) (finding defendant's argument that it would need to conduct additional discovery "insufficient to show Defendant will suffer 'substantial' prejudice as a result of the proposed amendment."); *Tyco Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice."); *O'Shea v. Epson Am., Inc.*, 2010 WL 4025627, at *5 (C.D. Cal. Oct. 12, 2010) ("[G]iven that granting a plaintiff leave to amend usually leads to additional discovery, courts typically require 'something more' to justify denying the motion on grounds of prejudice."); *Nissou-Rabban v. Cap. One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1145 (S.D. Cal. 2018) (finding that the "expenditure of additional monies or time do not constitute undue prejudice."). Thus, the possibility of additional discovery is not by itself sufficient to demonstrate prejudice.

Simpson also argues it will be unduly prejudiced because the addition of Allen reopens the class certification phases of the case. Opp'n at 5. It notes that other courts have found granting leave to amend would create prejudice where a case has already progressed to or beyond the class certification phase. *Id.* While the Court agrees that leave to amend after the class certification phase could be prejudicial, the cases Simpson cites are distinguishable from the present case.

In *Soto v. Castlerock Farming & Transp., Inc.*, 2011 WL 3489876, (E.D. Cal. Aug. 9, 2011), the plaintiffs sought, in part, to add a named plaintiff as a class representative. The plaintiffs had filed five pleadings in six years, and the court found that "the numerous amendments to the pleadings weigh against leave to amend." *Id.* at *3. The court also found it important that "this is not a situation where [the proposed plaintiff] only recently became known to Plaintiffs'

counsel. Instead, counsel admitted at the hearing that they have represented him since 2006 related to this litigation. Counsel admit further that they met with [him] at that time for the purpose of identifying the claims that he could make. Thus, the decision not to name him as a plaintiff in this case was a purposeful, strategic decision." *Id.* at *4 (citing *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) ("[A]n eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable."). Here, Plaintiffs have not previously sought leave to amend, and this is a case where the proposed plaintiff only recently became known, as Allen learned about the alleged defective straps in July 2023. TAC ¶¶ 37–41. Further, after the Court lifted the stay in this case, it ordered the parties to meet and confer regarding Plaintiffs' proposed amendment to the complaint, noting: "After the pleadings are resolved, the Court will set a further schedule for class certification briefing." ECF No. 204. Thus, as the Court has not set a class certification briefing schedule, and there are no other deadlines in place, permitting amendment will not unduly prejudice Simpson.

Simpson also cites *Osakan v. Apple American Group*, 2010 WL 1838701 (N.D. Cal. May 3, 2010), in which the plaintiff in a wage and hour class action sought to add four new class representatives and a new allegation about defendants adjusting timecards. The court denied leave to amend, noting "[t]he inclusion of this allegation would expand the scope of the litigation because it implicates the practices of each of Defendants' fifty restaurants located in California, as well as those assistant managers paid on an hourly basis." *Id.* at *5. The court also found that the plaintiff acted with delay because he knew of a potential standing issue eight months prior to seeking amendment "and waited until the discovery cut-off and eve of trial to join additional representatives in the event he is found to lack standing." *Id.* at *3. Here, the addition of Allen as a plaintiff will not add new claims to the case, and Plaintiffs have not proposed any allegations that broaden the scope of their existing claims. Moreover, unlike the plaintiff in *Osakan*, Plaintiffs did not act with any delay in seeking to add Allen.

Simpson also cites *In re Flash Memory Antitrust Litig.*, 2010 WL 2332081 (N.D. Cal. June 9, 2010), where the plaintiffs, at the same time as filing their class certification motion, sought to substitute nine new plaintiffs as class representatives for the existing twelve named plaintiffs

because the "eight original plaintiffs [would] not adequately represent the interests of class members from their respective jurisdictions," simultaneously to filing their class certification motion. *Id.* at *15. The court found undue prejudice would result from allowing the plaintiffs to "swap out" the class representatives because doing so "would require Defendants to conduct new and/or additional discovery that would not otherwise have been required had Plaintiffs joined the appropriate representatives in the first instance." *Id.* at *17. But there is no evidence here that Plaintiffs named inappropriate representatives. Instead, Plaintiffs here seek to update the complaint to identify the new legal owners of one home, which Simpson has already inspected, and to include a plaintiff who could not have been added any earlier in the proceedings.

In sum, the Court finds that Simpson will not suffer substantial prejudice if the Court permits Plaintiffs leave to amend, and this factor therefore weighs in favor of granting their motion.

**C. Futility of Amendment**

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182.

Here, Plaintiffs seek to remove, add, or substitute Plaintiffs; to remove causes of action the Court dismissed; and to delete references to a proposed Arizona Class, which Plaintiffs can no longer pursue. The TAC does not add any additional causes of action.

Defendants argue Plaintiffs' proposed amendments are futile as to their claims for relief and their allegation that Simpson is estopped from asserting the statute of limitations. Opp'n at 8-9. However, "'[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" *Allen v. Bayshore Mall*, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013)

(quoting *McClurg v. Maricopa Cty.*, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)). Thus, "'denial [of a motion for leave to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *dpiX LLC v. Yieldboost Tech, Inc.*, 2015 WL 5158534, at *3 (N.D. Cal. Sept. 2, 2015) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)).

As Defendants' arguments are more appropriately decided in a motion to dismiss, this factor weighs in favor of amendment.

**D. Previous Amendments**

Courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)). Here, by contrast, Plaintiffs have not previously sought leave to amend. This factor therefore weighs in favor of granting leave to amend.

## V. CONCLUSION

Based on the analysis above, the Court **GRANTS** Plaintiffs' motion to amend. Plaintiffs shall file the TAC as a separate docket entry by October 13, 2023. Simpson shall file its responsive pleading in compliance with Federal Rule of Civil Procedure 15(a)(3). After the pleadings are resolved, the Court will schedule a further case management conference.

**IT IS SO ORDERED.**

Dated: October 10, 2023

THOMAS S. HIXSON
United States Magistrate Judge